# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES ANDREW SWANN III,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF<br>TRANSPORTATION,<br>Agency. | DOCKET NUMBER<br>AT-0353-18-0589-X-1<br>AT-0353-18-0589-X-2<br><br><br>DATE: November 17, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles Andrew Swann III, Sharpsburg, Georgia, pro se.

Rebecca G. Snowdall, Esquire, and Christopher Jennison, Esquire, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

These joined matters are before the Board after the administrative judge issued compliance initial decisions granting two of the appellant's three petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for enforcement.[2]  *Swann v. Department of Transportation*, MSPB Docket No. AT-0353-18-0589-C-1, Compliance File (C-1 CF), Tab 3, Compliance Initial Decision (C-1 CID); *Swann v. Department of Transportation*, MSPB Docket No. AT-0353-18-0589-C-3, Compliance File (C-3 CF), Tab 5, Compliance Initial Decision (C-3 CID).  For the reasons discussed below, we now find the agency in compliance in both matters and DISMISS the appellant's petitions for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On June 21, 2023, the Board issued a final order affirming the initial decision which found the appellant proved the agency's restoration denial was arbitrary and capricious.  *Swann v. Department of Transportation*, MSPB Docket No. AT-0353-18-0589-I-1, Final Order (June 21, 2023) (Final Order); *Swann v. Department of Transportation*, MSPB Docket No. AT-0353-18-0589-I-1, Petition for Review File, Tab 8.

The Board found it was undisputed that the agency failed to search "other components of DOT," and the agency's delay restoring the appellant was "a denial of restoration."  Final Order at 8-9.  The agency was ordered to search for a suitable assignment "retroactive to June 21, 2017," and if the search revealed work "to which it could have restored the appellant," pay him back pay with interest, and any other appropriate benefits.  *Id.* at 9-10.  Additionally, the agency was ordered to notify the appellant once it believed it was compliant with the Board's order and of the actions it took towards compliance.  *Id.* at 10.

On July 23, 2023, the appellant filed his first petition for enforcement of the Final Order.  C-1 CF, Tab 1.  The petition alleged the agency failed to work with the appellant concerning fulfilling the Board's Final Order.  *Id.* at 5.  The parties did not file any pleadings after the administrative judge issued an acknowledgement order.  C-1 CF, Tab 2.

---

[2] As explained herein, the administrative judge granted the appellant's first and third petitions for enforcement but denied the second.

The administrative judge issued a compliance initial decision on August 25, 2023. C-1 CID. The decision found the agency had offered no evidence it complied with the Board's June 21, 2023 Final Order. *Id.* at 3-4. The administrative judge ordered the agency to "take the actions directed in the Board's NPFO" within 30 days. *Id.* at 5. Neither party filed a petition for review of the compliance initial decision.

On November 2, 2023, the appellant filed a second petition for enforcement. *Swann v. Department of Transportation*, MSPB Docket No. AT-0353-18-0589-C-2, Compliance File (C-2 CF), Tab 1. In his petition the appellant alleged the agency gave him no documentation to show it was in compliance with the Board's orders. C-2 CF, Tab 1 at 5. On December 15, 2023, the agency responded to the appellant's second petition for enforcement. C-2 CF, Tab 6. In its response, the agency updated the Board on its compliance efforts. *Id.*

On January 2, 2024, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. C-2 CF, Tab 7, Compliance Initial Decision at 5. The compliance initial decision found that the agency met its burden because it "fil[ed] evidence of compliance, evidence of further compliance actions that are in process, and a reasonable schedule for full compliance." *Id.* at 4. Additionally, the administrative judge noted the appellant did not rebut the agency's position. *Id.* Neither party filed a petition for review, and thus the second compliance initial decision became the final decision of the Board. 5 C.F.R. §§ 1201.183(a)(7), 1201.113-1201.114.

On June 13, 2024, the appellant filed a third petition for enforcement. C-3 CF, Tab 1. The petition alleged the agency failed to make any "payment of restitution." *Id.* at 5. The agency filed a response on June 20, 2024, enumerating its previous compliance efforts. C-3 CF, Tab 3 at 4-5. The response noted the agency's current compliance actions concerning reinstatement, backpay, salary adjustments, leave accruals, and various benefits deductions. *Id.* at 6-7. The response also noted that the administrative judge had denied the appellant's second

petition for enforcement on the basis that the agency showed "evidence of compliance." *Id.* at 5. The appellant replied to the agency's June 20, 2024, submission on July 2, 2024. C-3 CF, Tab 4. The appellant's reply pointed out discrepancies in the agency's submission and provided numerous communications with the agency. *Id.*

On July 25, 2024, the administrative judge issued a third compliance initial decision, finding that although the agency submitted evidence of "good faith efforts" toward compliance, the agency did not meet its burden because it failed to file "evidence of compliance, evidence of further compliance actions that are in process, or a reasonable schedule for full compliance." C-3 CID at 6 (emphasis omitted). The administrative judge ordered the agency to complete payment of back pay and applicable benefits "no later than 60 days after the date of [the] decision." *Id.* (emphasis omitted). Further, the administrative judge ordered the agency to notify the appellant "when it believes it has fully carried out [the] Order and of the actions it [took] to carry out the Order." *Id.* at 6. Neither party filed a petition for review of the compliance initial decision.

As neither party filed a petition for review of the first or third compliance initial decisions, or any submission relating to those decisions, with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance became final, and the appellant's petitions for enforcement were referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(b)-(c).[3] *Swann v. Department of Transportation*, MSPB

---

[3] As noted in the compliance initial decisions, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) To the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) To the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(b)(1).

Docket No. AT-0353-18-0589-X-1, Compliance Referral File (X-1 CRF), Tab 1 at 2; *Swann v. Department of Transportation*, MSPB Docket No. AT-0353-18-0589-X-2, Compliance Referral File (X-2 CRF), Tab 1 at 1-2.[4]

As explained below, the parties filed various submissions in both cases.

### ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[5] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

Submissions in the X-1 Matter

In response to the acknowledgement order in the X-1 matter, the agency submitted a brief response explaining it was actively working toward compliance. X-1 CRF, Tab 2. The appellant did not file a response, although both the initial acknowledgement order and the second acknowledgement and Joinder order

---

[4] For processing purposes, the Board joined MSPB Docket Nos. AT-0353-18-0589-C-1 (docketed as MSPB Docket No. AT-0353-18-0589-X-2) and AT-0353-18-0589-C-3 (docketed as MSPB Docket No. AT-0353-18-0589-X-1) because the compliance initial decisions in both contained "closely related issues of noncompliance." X-2 CRF, Tab 1 at 1-2.

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

(joining the two compliance cases) warned him that failure to respond might cause the Board to assume he was satisfied and dismiss his petition for enforcement. X-2 CRF, Tab 1 at 6.

Submissions in the X-2 Matter

In response to the acknowledgement (and joinder) order in the X-2 matter, the agency submitted a response asserting that it was in compliance, along with multiple exhibits as evidence. X-2 CRF, Tab 4 at 6-60. These included email exchanges with the appellant, evidence of the job search the agency conducted, evidence of pay setting, evidence of amendments made to the appellant's Standard Form 50(s), evidence of back pay issued, and summary sheets reflecting pay and benefits paid. *Id*. at 7-60. The appellant again did not reply to the agency's submission.

As discussed above, the agency has submitted exhibits to show it is now in compliance, although the agency did not comply with the administrative judge's and the Board's instructions to provide a narrative statement that specifically explains its compliance efforts and cites its exhibits. X-1 CRF, Tab 7.

However, the acknowledgement (and joinder) order informed the appellant he could respond to the agency's submission within 20 days and he failed to do so in either matter. X-1 CRF, Tab 4; X-2 CRF, Tab 1 at 6. As noted above, the Board warned the appellant that if he did not reply, the Board might assume he "is satisfied or concedes that the agency has complied and dismiss the petition for enforcement." X-2 CRF, Tab 1 at 6 (emphasis omitted). Additionally, in the email exchange submitted as Exhibit 1 to the agency's January 22, 2025 response, the appellant stated, "I believe the Agency has paid the backpay, TSP contributions and

restored sick/annual leave."[6]  X-1 CRF, Tab 7 at 7.  For these reasons, the Board finds the appellant "is satisfied or concedes the agency has complied."

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petitions for enforcement.  This is the final decision of the Merit Systems Protection Board in these compliance proceedings.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate

---

[6] The appellant claimed all that remained to make him whole were the expenses he incurred such as "moving/storage . . . and housing."  X-1 CRF, Tab 7 at 7.  However, the Final Order and first and third compliance initial decisions do not discuss reimbursement of these expenses, and they are beyond the scope of these compliance proceedings.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.